UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SHANNON CARTIER LUCY,

        Plaintiff

 -against-                                                   COMPLAINT

                                                                       DOCKET NO. 24-8592

LUBOV FINE ART LLC and FRANCISCO

CORREA CORDERO,

        Defendants

-------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. Plaintiff Shannon Cartier Lucy ("Lucy"), a prominent internationally acclaimed painter, is a citizen of Tennessee. She entered into a consignment agreement with Defendant Lubov Fine Art LLC ("Lubov"), a citizen of New York, to sell three of her paintings. Lubov sold two of Lucy's paintings (returning the unsold one to Shannon) Lubov and remitted payment (albeit late) to Shannon for one of the paintings but failed to remit to her the entire payment she was due for the sale of the painting her under the agreement. Lubov's President Francisco Correa Cordero ("Cordero") personally guaranteed each and every obligation of Lubov under the agreement. Lucy also entered into another agreement with Lubov for the sale of prints of her paintings, and Lubov failed to compensate Lucy for the sale of some of those prints. Lucy brings this action through diversity jurisdiction against Lubov and Cordero both for a breach of the agreement and a violation of the New York State Arts and Cultural Affairs Law.

3741507v1

## JURISDICTION AND VENUE

2. As the parties are citizens of different states and the amount of the controversy in this matter exceeds $75,000.00, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332(a).

3. As the Defendants Lubov and Cordero are residents of New York, and Brooklyn respectively, venue is appropriate in this District.

## PARTIES

4. Plaintiff Lucy is a resident of Nashville, Tennessee.

5. Defendant Lubov is a limited liability company registered in the State of New York. Its principal office, an art gallery, is located in New York, New York.

6. Upon information and belief, Defendant Cordero is a resident of Brooklyn, New York.

## FACTS

7. Lucy is an artist who painted the following three works: "I am the bright morning star" diptych, 2024; "Northern star and Southern cross", 2024, and "Star-faced woman", 2024.

8. Lucy entered into a consignment agreement with Lubov signed on May 8 and 9, 2024 whereby Lubov agreed to display the works at the Independent Art Fair at Spring Studios Tribeca New York and offer them for sale.

9. The agreement stated that Lucy's work "I am the bright morning star" was to be offered for the price of $120,000.00.

10. Under the agreement, if Lubov sold any of Lucy's paintings, Lucy would be entitled to fifty per cent of the sale price to be paid to her within ten (10) days after the sale.

11. The agreement was signed on behalf of Lubov by Cordero as President of Lubov.

12. Cordero gave his personal guarantee that "I hereby unconditionally personally guarantee each and every obligation of Lubov, LLC under this Consignment Agreement."

13. The agreement stated that "in any litigation between the Parties, the prevailing party shall be entitled to recover its costs and attorneys' fees as part of its damages.

14. Lubov did sell the work "I am the bright morning star" at the full sale price of $120,000.00

15. However, Lubov made only partial payments towards the $60,000 due Lucy and did not remit $34,000.00 of the sale price of "I am the bright morning star" owed to Lucy under the agreement

16. Lucy, through her attorneys, contacted Lubov and Cordero to obtain that portion of the commission without success.

17. Lucy also entered into an agreement with Lubov to sell prints of her paintings.

18. Upon information and belief, Lubov has failed to remit $11,000.00 which is the amount owed to Lucy for those prints under the agreement.

## COUNT I- BREACH OF CONTRACT

19. Plaintiff reasserts and realleges each and every allegation contained in paragraphs "1" through "18" of the complaint.

20. Under the agreements involved here, Lubov sold the painting "I am the bright morning star" and prints at issue and has failed to pay Lucy the money she is owed for the sale of "I am the bright morning star" and the prints.

21. Consequently, Lubov is in breach of the agreements.

22. As Cordero personally guaranteed the agreement for the sale of "I am the bright morning star," Cordero is also liable for a breach of the agreement.

23. As the actions of Lubov and Cordero were grossly negligent or wanton or so reckless as to amount to a conscious disregard of Lucy's rights, Lucy is entitled to punitive damages based on the actions of Lubov and Cordero.

## COUNT II- NEW YORK ARTS AND CULTURAL AFFAIRS LAW

24. Plaintiff reasserts and realleges each and every allegation contained in paragraphs "1" through "23" of the complaint.

25. Lucy is also entitled to the money she is owed for the sale of "I am the bright morning star" and the prints under New York Arts and Cultural Affairs Law §12.01, which required Lubov and Cordero to pay Lucy the money she is owed for the sale of "I am the bright morning star" and the prints under the agreements.

26. Under New York Arts and Cultural Affairs Law §12.01(3), Lucy can bring her own action under that law to recover her actual damages and a court may award reasonable attorney's fees and expenses to her.

27. As the actions of Lubov and Cordero were grossly negligent or wanton or so reckless as to amount to a conscious disregard of Lucy's rights, Lucy is entitled to punitive damages based on the actions of Lubov and Cordero.

28. As the sum owed by Lubov and Cordero to Lucy, inclusive of actual damages, interest, punitive damages, and attorneys' fees, will exceed $75,000.00 and Lucy is a citizen of a different state from Lubov and Cordero, this Court has diversity jurisdiction over this action.

3741507v1

**WHEREFORE**, it is respectfully requested that a judgment be entered.

(1) Awarding Lucy the sum of $45,000.00 in actual damages for Lubov and Cordero's breach of the agreement and violation of the New York Arts and Cultural Affairs Law.

(2) Awarding Lucy punitive damages against Lubov and Cordero in an amount to be determined at trial, but not less than the sum of $30,000.00.

(3) Awarding Lucy attorneys' fees against Lubov and Cordero pursuant to both the agreements and New York Arts and Cultural Affairs Law §12.01(3).

(4) Such other relief as the Court deems appropriate.

Dated: Garden City, New York
       November 8, 2024

MORITT HOCK & HAMROFF LLP
Attorneys for Plaintiff

By: _____
ROBERT L. SCHONFELD
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000

3741507v1