UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANNON CARTIER LUCY,

                Plaintiff,

-v.-

LUBOV FINE ART LLC, et al.,

                Defendants.

24 Civ. 8592 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

      On November 13, 2024, Plaintiff Shannon Cartier Lucy ("Lucy") filed this action for breach of contract and for violation of the New York Arts and Cultural Affairs Law against Lubov Fine Art LLC ("Lubov") and Francisco Correa Cordero ("Cordero"). ECF No. 1 (Compl.). The Complaint invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), averring that "the parties are citizens of different states and the amount of . . . controversy in this matter exceeds $75,000.00." *Id*. at 2.

**A.**    **Diversity of Citizenship**

      "An action premised upon diversity of citizenship in which a limited liability company is a party must allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company." *Nostrum Lab'ys, Inc. v. Eversana Life Scis. Servs., LLC*, No. 23 Civ. 4639 (PKC), 2023 WL 3869074, at *1 (S.D.N.Y. June 7, 2023) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000)). The Complaint alleges that "Defendant Lubov is a limited liability company registered in the State of New York," a "resident[] of New York," and has "[i]ts principal office, an art gallery, [] located in New York, New York." Compl. at 2. The Complaint makes no reference to any members of Lubov, let alone their citizenship.

As for "individual human beings," their "citizenship . . . is determined by whether they are citizens of the United States and the state where they are *domiciled*." *RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024). In alleging that "Lucy is a resident of Nashville, Tennessee" and that, "[u]pon information and belief, Defendant Cordero is a resident of Brooklyn, New York," Compl. at 1-2, the Complaint falls short of satisfying this standard. The Complaint is also silent regarding whether any party is a United States citizen.

"[C]onclusory statements with respect to any party's citizenship will not suffice." *Devone v. Finley*, No. 13 Civ. 377 (CSH), 2013 WL 3243136, at *2 (D. Conn. June 26, 2013) (deeming allegation that defendant is "a citizen of the State of Georgia" insufficient for diversity purposes). Thus, the Complaint's assertions that "Lucy . . . is a citizen of Tennessee" and that "Lubov . . . [is] a citizen of New York," Compl. at 1, also miss the mark. *See Devone*, 2013 WL 3243136, at *2.

**B.    Amount in Controversy**

The Complaint avers that "the amount of the controversy in this matter exceeds $75,000.00." Compl. at 2. In particular, Lucy seeks "$45,000.00 in actual damages," "punitive damages . . . in an amount to be determined at trial, but not less than the sum of $30,000.00," and "attorneys' fees." *Id*. at 5. "[A] heightened level of judicial scrutiny is imposed on cases where punitive damages are utilized to satisfy the amount in controversy requirement." *KT Exp. v. Wolf Canyon of Am., Inc.*, No. 9 Civ. 7123 (BSJ), 2010 WL 3835072, at *2 (S.D.N.Y. Sept. 14, 2010) (cleaned up).

### a. Punitive Damages

"Punitive damages in breach of contract cases are rare." *Tang Capital Partners, LP, v. BRC Inc.*, No. 22 Civ. 3476 (RWL), 2025 WL 1785245, at *6 (S.D.N.Y. June 27, 2025). "The New York Court of Appeals recently summarized the applicable principles" as follows:

> The bar for subjecting a defendant to punitive damages on a contract claim is high. Such damages are available only where the fraud, aimed at the public generally, is gross and involves high moral culpability, or when it evinces a high degree of moral turpitude and demonstrates such wanton dishonesty as to imply a criminal indifference to civil obligations. Although damages arising from the breach of a contract will ordinarily be limited to the contract damages necessary to redress the private wrong, punitive damages may be recoverable if necessary to vindicate a public right. To state a claim for punitive damages in this context, a plaintiff must allege that (1) the defendant's conduct is actionable as an independent tort; (2) the tortious conduct is of the [requisite] egregious nature . . . ; (3) the egregious conduct is directed to the plaintiff; and (4) it is of a pattern directed at the public generally.

*Id*. (quoting *Hobish v. AXA Equitable Insurance Co.*, 2025 WL 83783, at *5 (N.Y. Jan. 14, 2025) (cleaned up)). Far from alleging that "the [D]efendant[]s['] conduct is actionable as an independent tort" or any of the other required elements, *id*., Lucy only avers that, "[a]s the actions of Lubov and Cordero were grossly negligent or wanton or so reckless as to amount to a conscious disregard of Lucy's rights, Lucy is entitled to punitive damages based on the actions of Lubov and Cordero," Compl. at 4.

With respect to the alleged violation of the New York State Arts and Cultural Affairs Law, "[t]he Legislature did not intend to, and did not, . . . authorize the imposition of" such damages "for a violation" thereof. *Koeniges v. Woodward*, 702 N.Y.S.2d 781, 788 (N.Y. Civ. Ct. 2000).

### a. Attorneys' Fees

"The Second Circuit has held that attorney's fees may be used to satisfy the amount in controversy only where they are recoverable as of right pursuant to statute or contract." *Frontier*

3

*Airlines, Inc. v. AMCK Aviation Holdings Ireland Ltd.*, 676 F. Supp. 3d 233, 245 (S.D.N.Y. 2023) (finding "breach-of-contract claim adequately allege[d] an amount in controversy exceeding $75,000 . . . based on the attorney's fees sought" where the operative complaint "plead[ed] breaches of several agreements . . . that expressly provide[d] for recovery of attorneys' fees incurred in connection with enforcing those agreements"). Lucy seeks attorneys' fees in connection with both her contract claim and her claim for violation of the New York Arts and Cultural Affairs Law. *Id.* at 3-4.

Lucy alleges that "[t]he agreement stated that in any litigation between the Parties, the prevailing party shall be entitled to recover its costs and attorneys' fees as part of its damages." Compl. at 3 (internal quotation marks omitted). However, Lucy "failed to support [any] allegation that attorney's fees would push the amount in controversy beyond the $75,000 threshold." *Crane Equip. & Servs., Inc. v. B.E.T. Const., Inc.*, No. 14 Civ. 175S (WMS), 2015 WL 471323, at *5 (W.D.N.Y. Feb. 4, 2015) (ruling in removed case that "[a]ttorney's fees w[ould] [] not be included in calculating the amount in controversy" where defendant "generally assert[ed] that attorney's fees required under the sales agreement can be considered to meet the jurisdictional threshold, but d[id] not provide a specific dollar figure for those fees, merely stating that they would be in excess of the amount required to break the threshold").

Regarding Lucy's New York Arts and Cultural Affairs Law claim, "[c]ourts in the Second Circuit hold that where a plaintiff brings claims under a state statute permitting courts to award attorneys' fees *as a matter of discretion, not a matter of right*, then such fees will not meet the jurisdictional amount requirement set forth in 28 U.S.C. § 1332." *Cohen v. KIND L.L.C.*, 207 F. Supp. 3d 269, 272 (S.D.N.Y. 2016) (emphasis added) (internal quotation marks omitted). The award of attorneys' fees under New York Arts and Cultural Affairs Law Section 12.01(3) is a "matter of discretion," *id.*, as it provides that "[a]ny person who has been injured by reason of a

4

violation of this article may bring an action in his or her own name to enjoin such unlawful act, to recover his or her actual damages, or both [and that] [t]he court *may* award reasonable attorneys' fees, costs and expenses to a prevailing plaintiff in any such action," New York Arts and Cultural Affairs Law Section 12.01(3) (emphasis added).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Lucy show cause in writing by **August 1, 2025** why this action should not be dismissed for lack of subject matter jurisdiction. Lucy's submission shall include an affidavit attesting to the facts that are relevant to the diversity analysis.

If Lucy fails to show cause by the aforementioned deadline, including by failing to file any papers in response to this Order, **then the Court will dismiss the case for lack of subject matter jurisdiction without further notice**.

The Order at ECF No. 34 is hereby stayed.

The Clerk of Court is directed to stay the Order at ECF No. 34.

SO ORDERED.

Dated: July 18, 2025
       New York, New York

                                                                   JENNIFER H. REARDEN
                                                                   United States District Judge